IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JRI HOLDINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 6:17-03074-CV-RK |
| | ) | |
| YORK INNOVATORS GROUP, LLC, et al, | ) | |
| | ) | |
| Defendants, | ) | |

## ORDER

Now before the Court is Defendant York Innovators Group, LLC, ("YIG")'s Motion to Dismiss for Lack of Personal Jurisdiction (doc. 22), seeking dismissal of YIG as a party to this suit. Plaintiff JRI Holdings ("JRI") opposes YIG's motion and requests additional time to provide suggestions in opposition to the motion and for time to conduct jurisdictional discovery. As explained below, at this juncture, YIG's motion to dismiss is **DENIED without prejudice**.

### Discussion

A plaintiff must plead "sufficient facts to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state" to survive a motion to dismiss for lack of personal jurisdiction. *Creative Calling Solutions, Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015). If the defendant denies jurisdiction, the burden shifts to the plaintiff to present facts supporting jurisdiction. *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 475 (8th Cir. 2012). When considering a motion to dismiss for lack of personal jurisdiction, the court views the evidence in the light most favorable to the plaintiff and resolves factual conflicts in plaintiff's favor in determining whether plaintiff has made a prima facie showing of personal jurisdiction over the challenging defendant. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). The plaintiff's 'prima facie showing' is tested by the pleadings as well as by the affidavits and exhibits submitted in connection with the motion. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004).

Personal jurisdiction can be specific or general. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). In the absence of general jurisdiction, the Court may hear the case if specific jurisdiction can be established over the defendant. *Id.* YIG and JRI only discuss specific

jurisdiction. For a federal court to have specific jurisdiction over a non-resident defendant, a two-part test must be satisfied: (1) jurisdiction is authorized by the forum state's long arm statute and (2) jurisdiction is allowed by the Due Process Clause of the Fourteenth Amendment. *Dairy Farmers of Am., Inc.*, 702 F.3d at 475-76.

Specific to the first element, Missouri's long arm statute provides that a defendant who does any of the following enumerated acts submits itself to the jurisdiction of Missouri courts as to any cause of action arising from those acts:

> (1) The transaction of any business within this state; (2) The making of any contract within this state; (3) The commission of a tortious act within this state; (4) The ownership, use, or possession of any real estate situated in this state; (5) The contracting to insure any person, property or risk located within this state at the time of contracting; (6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

Mo. Rev. Stat. § 506.500. As to the second element, due process requires minimum contacts between the non-resident defendant and the forum state sufficient to not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (citations omitted). To evaluate whether a defendant has sufficient minimum contacts with the forum state to satisfy the Due Process Clause of the Fourteenth Amendment, the Eighth Circuit has established the following factors: (1) the nature and quality of a defendant's contacts with the forum state, (2) the quantity of a defendant's contacts with the forum state, (3) the relation of the cause of action to the contacts with the forum state, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience of the parties. *Dever*, 380 F.3d at 1073-74. The first three factors are given significant weight. *Id* at 1074.

Here, the underlying dispute in this action stems from a business venture involving three contracts entered into by JRI and Defendant Foundry Systems Innovations, LLC, which once was a subsidiary of YIG and later sold to Defendants Berks Research and Development, LLC, and Berks Research, LLC. YIG and JRI dispute whether YIG, a non-resident defendant, committed any of the enumerated acts under Missouri's long arm statute, and namely, whether YIG conducted business in Missouri or committed a tortious act in Missouri. Moreover, JRI posits that despite YIG not signing the subject contracts, YIG's solicitation of JRI's business while JRI was in Missouri for the contracts that JRI later signed in Missouri suffices to establish personal jurisdiction over YIG.

The Court, based on the briefs and advised by the following principles, is concerned with the sufficiency of the nature, quality, and quantity of YIG's contacts with the forum state. *See Fastpath*, 760 F.3d at 822-23 (citation omitted) ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State."); *Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008) (for personal jurisdiction over the parent company to exist, the plaintiff must show the parent company dominates and controls the subsidiary; mere ownership of a subsidiary is not enough); *Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006) (citation omitted) ("Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause.").

In light of the early stage of the case, the Court determines the appropriate course is to grant JRI's request for additional time to complete jurisdictional discovery. *See* 61A Am. Jur. 2d, Pleading, § 511 (citations omitted) (When faced with a motion to dismiss for lack of personal jurisdiction, the Court has "considerable procedural leeway" and may permit discovery to ascertain facts relevant to the jurisdictional issues.). Accordingly, the Court denies YIG's motion without prejudice and orders YIG and JRI to engage in an expedited sixty-day jurisdictional discovery period to close on February 4, 2018. YIG may renew their motion to dismiss within fourteen days following the closure of jurisdictional discovery.

## Conclusion

**IT IS HEREBY ORDERED** that Defendant YIG's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED without prejudice.** (Doc. 22.)

**IT IS FURTHER ORDERED** that YIG and JRI shall engage in an expedited sixty-day jurisdictional discovery period, to commence on the date of this order, after which time YIG shall have fourteen days to refile their motion to dismiss.

**IT IS SO ORDERED.**

                                           s/ Roseann A. Ketchmark
                                           ROSEANN A. KETCHMARK, JUDGE
                                           UNITED STATES DISTRICT COURT

DATED: December 6, 2017